COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





OMARIE CHRISMAN,


 Appellant,


v.


MIGUEL CHRISMAN,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00337-CV



Appeal from


 383rd District Court


of El Paso County, Texas


(TC # 2003CM1442)




O P I N I O N



 Omarie Chrisman, pro se, appeals from a final decree of divorce. Because we conclude that
she has no constitutional right to the effective assistance of counsel in a suit for dissolution of
marriage, we affirm.

FACTUAL SUMMARY


 Miguel Chrisman filed a petition for divorce on March 5, 2003 alleging that he and Omarie
Chrisman were married on December 14, 2001 and ceased to live together as husband and wife on
or about January 31, 2003. The Chrismans have no children. Omarie, represented by counsel, filed
an answer and a counter-petition for divorce. The trial court entered a final decree on the ground of
insupportability. In dividing the marital estate, the court awarded Miguel the marital home and its
contents, a 1993 Ford F-150, and a 2006 Chrysler 300. Omarie was awarded spousal maintenance
in the amount of $5,000, payable at the rate of $500 per month for ten months, and attorney's fees
in the amount of $750. Omarie filed a notice of appeal, but she did not make the necessary
arrangements for the reporter's record to be included in the appellate record.

INEFFECTIVE ASSISTANCE OF COUNSEL


 In her sole issue for review, Omarie complains that she was denied the effective assistance
of counsel in the divorce proceedings. She cites no authority supporting her contention, and we have
found none. We recognize that the constitutional right to effective assistance of counsel has been
extended to certain civil proceedings. The Texas Supreme Court has determined that parents are
entitled to effective assistance in termination proceedings, and it has adopted a two-pronged test for
evaluating claims of ineffective assistance of counsel based on Strickland v. Washington, 466 U.S.
668, 681, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In re M.S., 115 S.W.3d 534, 544-45 (Tex.
2003); see also Tex.Fam.Code Ann. § 107.013 (Vernon 2008)(according right to appointed
counsel). The subject of an involuntary civil commitment proceeding also has the right to effective
assistance of counsel. See In re Protection of H.W., 85 S.W.3d 348, 355-56 (Tex.App.--Tyler 2002,
no pet.); Lanett v. State, 750 S.W.2d 302, 306 (Tex.App.--Dallas 1988, writ denied); Ex parte
Ullmann, 616 S.W.2d 278, 283 (Tex.Civ.App.--San Antonio 1981, writ dism'd). No Texas court
has determined that a petitioner or respondent in a dissolution proceeding has the constitutional right
to effective assistance of counsel and we decline to do so. We therefore overrule the sole issue for
review and affirm the judgment of the trial court.


May 6, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating